IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THELMA R. CURRY,<br>YOLANDA QUIMBY, on behalf<br>of themselves and all others<br>similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 02-101C<br>Judge Wolski |

DEFENDANT'S MOTION FOR LEAVE TO FILE
OUT OF TIME ITS OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO ADD ADDITIONAL PLAINTIFFS

Defendant respectfully requests permission to file out of time its opposition to plaintiffs' motion for leave to add additional plaintiffs. Our opposition was due August 21, 2006. As grounds for this motion, we state that for nearly four years, this case was not a designated electronic case. As a consequence, defendant generally was in the habit of keeping track of filings in this case by watching for documents in her mailbox.

On July 27, 2006, this case was designated an electronic case. That was also Government counsel's first day of summer vacation; she was absent from her office from July 27, 2006, through August 13, 2006. Upon her return, Government counsel reviewed the vast number of e-mails that had accumulated during her absence but failed to notice the e-mail advising her of the electronic filing of plaintiffs' motion for leave to add additional plaintiffs. As a consequence, Government counsel was

unaware that this motion had been filed until she was so advised by the Court. For these reasons, we respectfully request permission to file this opposition to plaintiffs' motion out of time.

As indicated above, we respectfully oppose plaintiffs' motion to add additional plaintiffs at this time. The timing of the motion, coming some four and one half years after the complaint was filed and after our original opposition to plaintiffs' motion for class certification was filed; more than one year after the Court's decision on liability; and even after our amended opposition to plaintiffs' motion for class certification was filed, is clearly prejudicial to the Government.

We have not had the opportunity to conduct any discovery with respect to the potential new plaintiffs concerning their suitability either as class representatives or as plaintiffs. For example, we have not had an opportunity to ascertain whether any of these plaintiffs were members of unions that were parties to collective bargaining agreements and, so, may have claims that fall outside the jurisdiction of this Court.

Moreover, we have not even had an opportunity to verify that these potential plaintiffs are or were employees of the Veterans Administration (VA). Several of the potential plaintiffs are not listed in the VA's current computerized employment rolls; for

others the information contained in the computer does not match that provided by plaintiffs' counsel.

In addition, we have not had the opportunity to address the impact of these potential new plaintiffs in our opposition to plaintiffs' motion for class certification. In that opposition, we demonstrated that this case does not meet the criteria for class certification because, inter alia, plaintiffs have not met their burden of demonstrating that the claims of the two named plaintiffs are typical of potential class claims. Had the named plaintiffs included these additional individuals at the time we filed our opposition, we would have addressed the question of whether these individuals assist or detract from plaintiffs' effort to meet the criteria for class certification.

We note that plaintiffs have provided little justification for adding these specific individuals to the case at this time beyond their desire to increase the total number of potential class representatives. Plaintiffs do not explain what specific benefits would accrue from the addition of these particular individuals or how they strengthen plaintiffs' argument for class certification.

At this time, the issue of class certification has been fully briefed. If the Court rules in plaintiffs' favor, the individuals plaintiffs seek to add can join as class members. If the Court rules in the Government's favor, these potential

plaintiffs can file their own complaint, a step they can take at any time, of course, without awaiting the Court's decision.

Based upon the foregoing, we oppose plaintiffs' motion for leave to add additional plaintiffs. Accordingly, we respectfully request the Court to deny the motion at this time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/Hillary A. Stern
HILLARY A. STERN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 "L" Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202)305-7643

September 20, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 20nd day of September 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME ITS OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO ADD ADDITIONAL PLAINTIFFS " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Hillary A. Stern