# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THELMA R. CURRY, et al.,<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 02-101C<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO ADD ADDITIONAL PLAINTIFFS**<br><br>(Judge Wolski)<br><br>Electronically filed on September 27, 2006 |

Plaintiffs seek leave to add 14 additional named plaintiffs as potential Class Representatives. Plaintiffs filed the Motion for Leave to Add Additional Plaintiffs ("Motion for Leave") in part in response to defendant's repeated assertions that plaintiffs have only named two potential Class Representatives. (See, e.g., Defendant's Amended Opposition to Plaintiffs' Motion for Class Certification at 23 ("plaintiffs have persuaded only two . . . members of the proposed class to participate as named plaintiffs.").) Yet defendant now argues *against* adding additional Class Representatives, claiming it will be prejudiced. Defendant cannot have it both ways.

The government alleges that adding the additional proposed Class Representatives will be prejudicial because the government has not had time to conduct any discovery with respect to these new individuals "concerning their suitability either as class representatives or as plaintiffs." (Defendant's Motion for Leave to File Out of Time Its Opposition to Plaintiffs' Motion for Leave (hereafter, "Def.'s Opp.") at 2.) Further, despite the fact that forty-eight (48) days have

elapsed between the time plaintiffs filed their motion and defendant filed its opposition, defendant claims it has not had the opportunity to verify that only 14 additional proposed Class Representatives are or were employees of the Veterans Administration. (Def.'s Opp. at 2.)

Defendant also boldly asserts a blanket challenge without any specificity whatsoever that "(s)everal of the [unnamed] potential plaintiffs are not listed in the VA's current computerized employment rolls; for others the information contained in the computer does not match that provided by plaintiffs' counsel" (Def.'s Opp. at 3). In effect, defendant suggests that these individuals could be imposters; a proposition absurd on its face. If defendant had a legitimate question about any one of the individuals, it should have consulted with plaintiffs' counsel before asserting such an unsupported challenge.

Defendant apparently is relying either on an imperfect list of current and former employees, or has not made the simple effort to check the retirement roles maintained by OPM. Each of these proposed additional plaintiffs have represented to plaintiffs' counsel that they were, or are, employed by the VA for many years either as a Registered Nurse or as a "hybrid" employee during the time frame encompassed by this case. Several of them are retired from the VA and regularly receive a retirement check from OPM.

We respectfully submit that defendant, in effect, is putting the cart before the horse. Unless it appears on the surface of plaintiffs' motion that the addition of these individuals as additional plaintiffs is inappropriate as a matter of law, the two named plaintiffs should be permitted to add them to the cause of action. Then, if there is a legitimate question as to the specific eligibility of any one or more of these additional plaintiffs to continue as a Class Representative, defendant's counsel can discuss the matter with plaintiffs' counsel. Plaintiffs' counsel then could seek additional information and supporting documentation from any of the

challenged individuals. Plaintiffs' counsel have represented to this Court in good faith that each of the additional proposed Class Representatives are or were employed by the Department of Veterans Affairs, either as Registered Nurses ("RNs") or as "hybrid" employees, and that each regularly received premium pay pursuant to Title 38, U.S.C. for regularly scheduled weekend and/or night duty that was not included in their bi-weekly pay when they used paid leave.[1] Because these additional proposed Class Representatives are either RNs or hybrids, they are in the exact same position as the existing named plaintiffs, Thelma R. Curry (an RN) and Yolanda Quimby (a hybrid). Defendant is attempting to re-argue its opposition to plaintiffs' class certification motion here. Those arguments are irrelevant and improper in opposition to the motion to add additional plaintiffs.

Rules 16 and 23 of the Rules of this Court ("RCFC") give the Court wide latitude and flexibility to manage this case. Further, RCFC 21 affords broad permissive rights to join plaintiffs. *See* RCFC 21 ("Parties may be dropped or added by order of the court . . . at any stage of the action and on such terms as are just."). Defendant will in no way be *unfairly* prejudiced by the addition of the proposed Class Representatives because they are in the same position as the two existing named plaintiffs. By contrast, the proposed plaintiffs have a strong interest in joining this case so that they may serve as representatives of the class and protect the interests of the class. And, these individuals can simply be added as plaintiffs in this action with no delay to the proceedings or prejudice to the defendant.[2]

---

[1] Since filing the Motion for Leave, plaintiffs have been informed of two inadvertent minor errors in the spellings of two of the proposed additional Class Representatives' names: "Mary Louise Laverdiere" should be "<u>Marie</u> Louise Laverdiere," and "Sanora Gibson" should be "<u>Sandra</u> Gibson."

[2] Defendant also argues it has not had the opportunity to determine whether any of the proposed additional Class Representatives "were members of unions that were parties to collective

In the interests of justice, pursuant to RCFC 21, Plaintiffs respectfully request the Court grant Plaintiffs leave add the additional named Plaintiffs listed on Exhibit 1 of plaintiffs Motion for Leave.

Dated: September 27, 2006

Respectfully Submitted,

s/ Ira M. Lechner

OF COUNSEL:
ROBERT W. BROWNLIE
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101
(619) 699-2700

Ira M. Lechner
Counsel for Plaintiffs
19811-4th Place
Escondido, CA 92029
(858) 864-2258

---

bargaining agreements, and, so, may have claims that fall outside the jurisdiction of this Court." (Def.'s Opp. at 2.) As discussed in Plaintiff's Reply Memorandum in Support of Motion to Certify Class Action, to the extent defendant is referring to the case of *Whitman v. Dep't of Transp.*, 126 S. Ct. 2014 (2006), that argument has no application here because the U.S. Supreme Court, in remanding *Whitman* to the Ninth Circuit, did not determine that the Civil Service Reform Act ("CSRA") precludes federal jurisdiction over claims by federal employees subject to collective bargaining agreements. *See Whitman*, 126 S. Ct. at 2015-16. The governing law on this issue, therefore, is that of *Mudge v. United States*, 308 F.3d 1220 (Fed. Cir. 2002), which was decided in this Circuit and is therefore binding on this Court. Even if any of these proposed additional plaintiffs were members of unions that were parties to collective bargaining agreements, *Mudge* specifically concluded that such federal employees do have the right to seek a judicial remedy under CSRA's exclusivity provision. *Mudge*, 308 F.3d at 1232-33. Thus, defendant's argument that it could not determine whether the proposed additional Class Representatives were subject to collective bargaining agreements is irrelevant and has no bearing on whether the Court should allow them to be added to the case.