**PLAINTIFFS' EXHIBIT G**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| YOLANDA QUIMBY, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 02-101C<br><br>Judge Victor J. Wolski |

**PLAINTIFFS' MEMORANDUM OF LAW REGARDING RECOVERY OF ATTORNEYS' FEES AND INTEREST UNDER THE BACK PAY ACT**

In conjunction with the Joint Status Report filed concurrently herewith, Plaintiffs respectfully submit this memorandum of law regarding Plaintiffs' entitlement to recover attorneys' fees and interest under the Back Pay Act. The Court has already conclusively determined Defendant is liable to the class for failing to pay to the class members, whenever they used certain paid leave, the "additional pay" that they would have regularly earned had they not taken such leave. Accordingly, at the appropriate juncture in this case, Plaintiffs' intend to move the Court for an order awarding attorneys' fees and interest for the reasons discussed below.

Under the Back Pay Act, an employee who is found "to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee" is entitled to receive: (i) the amounts he or she would have earned had the unjustified or unwarranted personnel action not occurred, (ii) reasonable attorneys' fees and (iii) pre-judgment interest. 5 U.S.C. § 5596(b)(1), (2); *see also Astor v. United States*, 79 Fed. Cl. 303, 318 (2007).

Plaintiffs in this case clearly meet the three factors required to receive back pay, attorneys' fees and pre-judgment interest under the Back Pay Act: "(1) the employee must have

been affected by an unjustified or unwarranted personnel action; (2) the employee must have suffered a withdrawal or reduction of all or part of his pay; and (3) but for the action, the employee would not have experienced the withdrawal or reduction." *See Astor*, 79 Fed. Cl. at 319. Here, the Court found in its July 8, 2005 summary judgment order that the class members suffered a reduction of a part of their pay when the Government wrongfully and improperly failed to pay them "additional pay" for days when they normally and regularly would have received such pay had they not taken authorized leave. This satisfies all three of the factors under the Back Pay Act: (1) the employees were affected by an unjustified or unwarranted personnel action in that a portion of the pay they should have received was improperly withheld; (2) the employees suffered a reduction in part of their pay (the "additional pay"); and (3) but for the action, the employees would not have experienced the reduction because the Court found that the employees were entitled to "additional pay" while on leave under the circumstances outlined in the Court's July 8, 2005 summary judgment order.

Thus, Plaintiffs will, at the appropriate time in this case, move the Court for an order requiring Defendant to pay pre-judgment interest and Plaintiffs' attorneys' fees.

Respectfully submitted,

Of Counsel:
ROBERT W. BROWNLIE, ESQ.
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2700
Fax: (619) 699-2701

Co-Counsel for Plaintiffs

s/Ira M. Lechner
IRA M. LECHNER, ESQ.
Attorney
19811-4th Place
Escondido, CA 92029
Tel: (760) 839-0565
Fax: (760) 839-5755

Attorney for Plaintiffs

Dated: May 12, 2008