**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| YOLANDA QUIMBY, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 02-101C<br><br>Judge Victor J. Wolski |

**PLAINTIFFS' MOTION FOR ORDER REQUIRING DEFENDANT TO BEAR CLASS NOTICE COSTS AND ADMINISTRATION OF OPT-IN CLASS**

## I. INTRODUCTION.

Plaintiffs respectfully move pursuant to RCFC 23(d)(2) that this Court order Defendant to bear all costs of the class notice, including costs of identifying potential class members, distributing the class notices and opt in forms, and the administration of the claim forms that are returned. The Court has already conclusively determined Defendant is liable to the class for failing to pay to the class members, whenever they used certain paid leave, the "additional pay" that they would have regularly earned had they not taken such leave. Accordingly, Defendant should be required to pay the costs of identifying those individuals whom it underpaid and the amount by which it underpaid them, notifying those individuals of this class action and the Court's liability findings, and ensuring those individuals are in fact paid appropriate damages.

## II. BRIEF FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiffs filed this action on behalf of a class of healthcare workers at the Department of Veterans Affairs Health Administration ("VHA") seeking back pay for those employees who normally and regularly received "additional pay" for working nights and weekends, but who

were only paid basic pay when they took annual, sick, military or court leave. The class members fall into two broad categories:

(1) registered nurses ("RNs") and nurse anesthetists; and

(2) "hybrid" employees,[1] physician assistants ("PAs") and expanded function dental auxiliaries ("EFDAs").

**A. The Court Grants Plaintiffs' Motion for Summary Judgment as to Liability.**

After extensive briefing by both parties and oral argument, the Court issued a 19-page decision on July 8, 2005 granting, almost in its entirety, Plaintiff's motion for summary judgment as to liability. *Curry v. United States*, 66 Fed. Cl. 593 (2005) ("*Curry I*").[2] The Court found as follows:

> Hybrids who have been designated to receive such additional pay for work performed are entitled to receive, as part of their pay for periods of annual, sick, military and court leave: (1) nighttime additional pay without an eight-hour limitation, (2) full weekend additional pay for leave taken prior to October 1, 1997, and (3) weekend additional pay, except for tours of duty any part of which would fall on Sunday, for leave taken after September 30, 1997. Since January 23, 2002, all hybrids have been entitled to receive, as part of their paid military, court, annual or sick leave, weekend additional pay, except for tours of duty any part of which would fall on Sunday.
>
> Registered nurses, PAs and EFDAs are entitled to receive, as part of their paid annual and sick leave: (1) nighttime additional pay subject to the VA regulation's own eight-hour rule, (2) full weekend additional pay for leave taken prior to October 1, 1997,

[1] Hybrid employees are a group consisting of allied health professionals including licensed vocational nurses ("LVNs"), licensed practical nurses ("LPNs"), licensed physical therapists, certified or registered respiratory therapists, occupational therapists, pharmacists, and graduate nurse technicians.

[2] In the portion of the Court's order denying Plaintiffs' summary judgment motion, the Court found that the Treasury and General Government Appropriations Act, Pub. L. No. 105-61, § 636, 111 Stat. 1272, 1316 (1997) (the "1997 Appropriations Act") prevented the class members from receiving, after September 30, 1997, additional pay for those shifts that fell either in whole or in part on Sundays and for which the class members were on leave. *See id.* at 602, 604, 608.

> and (3) weekend additional pay, except for tours of duty any part of which would fall on Sunday, for leave taken after September 30, 1997. Registered nurses, PAs and EFDAs are entitled to receive, as part of their paid court and military leave: (1) nighttime additional pay, not subject to any eight-hour rule, (2) full weekend additional pay for leave taken prior to October 1, 1997, and (3) weekend additional pay, except for tours of duty any part of which would fall on Sunday, for leave taken after September 30, 1997.

*Id.* at 608.

**B. The Court Grants Plaintiff's Motion to Certify the Class.**

On March 27, 2008, the Court granted Plaintiffs' motion for class certification in its entirety, holding that:

> The opt-in class shall consist of persons who meet the following requirements:
>
> 1. Past or present health care employees of the VHA who were or are employed under 38 U.S.C. chapters 73 or 74 as RNs, nurse anesthetists, PAs, EFDAs, certified or registered respiratory therapists, licensed physical therapists, licensed practical nurses, LVNs, pharmacists, occupational therapists, or graduate nurse technicians; and
>
> 2. who were or are employed by the VHA on or after September 5, 1995;
>
> 3. who regularly received "additional pay" pursuant to 38 U.S.C. §§ 7453 or 7454 for working their regular and customary work schedule; and
>
> 4. whose pay for regularly scheduled hours of work, including such additional pay, was or is reduced by those hours for which the employee was or is charged authorized leave under 5 U.S.C. §§ 6303 (annual accrued leave), 6307 (sick leave), 6322 (court leave), 6323 (military leave), or their regulatory equivalents;
>
> 5. excluded are physicians, dentists, podiatrists, optometrists, student nurses and other student employees.

*Curry v. United States*, ---- Fed. Cl. ----, No. 02-101C, 2008 WL 868038, at *11-*12 (Fed. Cl. Mar. 27, 2008) ("*Curry II*").

**III. THE COURT SHOULD ORDER DEFENDANT TO PAY THE CLASS NOTICE COSTS.**

This Court has conclusively determined both liability and class certification in Plaintiffs' favor. The next step is for the class members to receive notice of this class action and the Court's findings so that they can receive the back pay that is long overdue.

In many cases, the issue of class certification is determined before the issue of liability. In those cases, courts generally agree that the class representative must pay for the class notice. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178-79 (1974), *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978); *see also* 7 Alba Conte and Herbert B. Newberg, *Newberg on Class Actions*, § 8:7 (4th ed. 2007) (hereinafter, "Newberg"). At the early stage of a case when class certification is normally decided, the rationale for requiring the plaintiff to bear the costs of class notice is that the likelihood of plaintiff succeeding on his or her claims is unknown. *See Meadows v. Ford Motor Co.*, 62 F.R.D. 98, 101-02 (W.D. Ky. 1973). However, courts recognize an important exception to this rule where the issue of liability has already been determined in plaintiff's favor. Once the defendant has been found liable on the plaintiff's claims, the rationale for requiring plaintiff to bear the class notice costs no longer exists. *Id.* at 102. As succinctly explained by the *Meadows* court:

> In the instant case, the class action order has come very late in the proceedings, and at a time when the Court has already determined that the plaintiff and the members of her class are entitled to recover on their demands . . . . Therefore, ***the expense of sending the class action notices out must be borne by the defendant***.

*Id.* (emphasis added).

Other federal courts reach the same conclusion. *See Allen v. Leis*, No. C-1-00-261, 2002 WL 1752279, at *2 (July 12, 2002) (ordering defendant to pay for class notice costs because "[i]t is important to note that the Court has already determined Defendants' liability in this case"); *Six (6) Mexican Workers v. A.Z. Citrus Growers*, 641 F. Supp. 249, 264 (D. Ariz. 1986) ("[b]ased upon the ramifications resulting from the defendants intentional failure to properly maintain records . . . , the fact that the liability of the defendants will have already been established, and

because there may be substantial costs involved in locating class members whose whereabouts are unknown, this Court directs the defendants to pay the costs of notice and distribution to individual class members"); *Catlett v. Missouri Highway and Transp. Com'n*, 589 F. Supp. 949, 952 (W.D. Mo. 1984) (finding that defendant "should bear the expenses [of class notice] because the liability of the [defendant] has been established, and because of the substantiality of the cost involved . . ."); *Kyriazi v. W. Elec. Co.,* 465 F. Supp. 1141 (D.N.J. 1979) (after defendant was found liable, holding that defendant would, "of course," bear class notice costs); *Ostapowicz v. Johnson Bronze Co.,* 54 F.R.D. 465, 467 (W.D. Pa. 1972) (ordering the parties to bear the costs equally after plaintiff made out a prima facie case, and stating that, "[a]t the conclusion of the case, these costs will probably be taxed in toto against the losing party").

Further, where the defendant is found liable, courts order the defendant to pay the cost of not only sending out the class notice, but also of locating class members, including publishing notice of the class action in relevant newspapers and other publications. *Catlett*, 589 F. Supp. at 952 (ordering defendant to pay for costs of publications in newspapers and "telephone costs incurred in the process of locating class members"). Indeed, in *Kyriazi*, the court held that

> All class members whose addresses are known to [defendant] will be sent a notice and Proof of Claim form together with a prepaid envelope. The remaining class members will be notified by publication in six local newspapers [(including the New York Times, Daily News, and Newark Star Ledger)] for two consecutive weeks in the Sunday editions and three weekday editions. All costs of notification are, of course, to be borne by [defendant].

465 F. Supp. at 1144 (footnote omitted). After "scanning the early returns" from the newspaper publications and mailings, the court also held that "it would be advisable to supplement the notice to the nearly 1,900 class members who are presently employed by [defendant] by providing an opportunity for class counsel to communicate with them directly at the plant," and ordered defendant to allow class counsel to enter the plant and speak to the class members. *Id.* at 1144-45. Further, the *Kyriazi* court ordered that a Special Master be appointed and compensated

in a manner comparable to what he or she would receive in private practice, and that the defendant should bear that cost. *Id.* at 1147-48.

The procedural posture of the instant case is identical to the authorities cited above. Here, the Court has found Defendant liable to Plaintiffs and the class. Defendants, therefore, must bear all costs of class notice, including but not limited to identifying all potential class members, mailing the class notices and claim forms, publishing the class notice in newspapers as outlined in the Joint Status Report, and compensating the claims administrator for its services in connection with the administration of the class notice and the receipt of opt-in claim forms. Further, if it is determined that it is necessary to appoint a Special Master to assist in the damages phase of this case, Defendant should bear those costs as well.

Additionally, because Defendant possesses the information necessary to identify the class members (in its employment records) and because the Court found Defendant liable, Defendant should be required to identify the class members (as outlined in the Joint Status Report), and should bear the costs of such identification as well as the computation of the amounts that each opt-in claimant should have been paid had the Defendant computed their pay properly in the first place in accordance with the statutes and regulations. *See* 28 U.S.C. § 2507 (the "Call Statute"); *Wolfchild v. United States*, 68 Fed. Cl. 779, 797-98 (2005) (ordering the Department of Interior to identify potential class members and bear the expenses related to this identification, prior to the class even being certified, and citing to the Call Statute as one of the bases for its authority to do so); *Six (6) Mexican Workers*, 641 F. Supp. at 264 (ordering defendant to bear the cost of locating class members); *Marriott v. County of Montgomery*, 228 F.R.D. 133, 134 (N.D.N.Y. 2005) (ordering defendant to bear cost of identifying class members prior to determination of liability).

## IV. CONCLUSION.

For the reasons stated above, Plaintiffs respectfully request the Court grant this Motion and order Defendant to pay for all class identification and notice costs, and all other costs of administering the opt-in class.

Respectfully submitted,

s/Ira M. Lechner
IRA M. LECHNER, ESQ.
Attorney
19811-4th Place
Escondido, CA 92029
Tel: (760) 839-0565
Fax: (760) 839-5755

Attorney for Plaintiffs

Of Counsel:
ROBERT W. BROWNLIE, ESQ.
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2700
Fax: (619) 699-2701

Co-Counsel for Plaintiffs

Dated: May 12, 2008