IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THELMA R. CURRY, YOLANDA QUIMBY, on behalf of themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 02-101C<br>Judge Wolski |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE OUT OF TIME ITS OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER REQUIRING DEFENDANT TO BEAR CLASS NOTICE COSTS AND ADMINISTRATION OF OPT-IN CLASS

Defendant respectfully requests permission to file out of time its opposition to plaintiffs' motion for an order requiring defendant to bear class notice costs and administration of opt-in class. Our opposition was due May 29, 2008. Plaintiffs' counsel has authorized us to state that he has no objection to the granting of this motion,

As grounds for this motion, we state that plaintiffs' motion was filed electronically and, although e-mail notification of the filing sent to the Government counsel, she apparently overlooked the e-mail notification in her electronic in-box. We surmise that Government counsel's failure to notice the e-mail notification may be due to the fact that the parties had jointly prepared a status report to be filed on the same day plaintiffs' motion was filed and Government counsel may have assumed that the e-mail notification of plaintiffs' motion was, instead, e-mail

confirmation of the filing of the joint status report which was, in fact, delivered to her electronic in-box on that same date.

Regardless of the reason, Government counsel was unaware that plaintiffs' motion had been filed until she was so advised by the Court last week. For these reasons, we respectfully request permission to file this opposition to plaintiffs' motion out of time.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Hillary A. Stern
HILLARY A. STERN
Senior Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 "L" Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-7561
Fax: (202)305-7643

June 12, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 12th day of June 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME ITS OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER REQUIRING DEFENDANT TO BEAR CLASS NOTICE COSTS AND ADMINISTRATION OF OPT-IN CLASS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Hillary A. Stern

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YOLANDA QUIMBY, on behalf of themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 02-101C<br>Judge Wolski |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER REQUIRING DEFENDANT TO BEAR CLASS NOTICE COSTS AND ADMINISTRATION OF OPT-IN CLASS

Plaintiffs have moved the Court to order defendant to bear all the costs of class notice in this case, including the costs of identifying potential class members, distributing the class notices and opt in forms, and administering the claims forms that are returned. They assert that imposing costs on the Government is justified merely because this Court has already resolved the issue of liability in their favor.

However, plaintiffs' position is contrary to Supreme Court precedent, which generally requires plaintiffs to bear the cost associated with class notice and allows such costs to be shifted to the defendant in only limited circumstances not demonstrated by plaintiffs' motion. Moreover, imposing the costs of class notification upon the Government is contrary to the provisions of the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(a) which waives sovereign immunity only as to specific, enumerated costs, which do not include the costs sought by plaintiffs here.

Further, plaintiffs' motion for costs pursuant to EAJA is premature. Accordingly, plaintiffs' motion should be denied.

## I. Supreme Court Precedent Requires Plaintiffs To Bear The Cost Of Class Notice And Other Litigation Costs Except In Limited Circumstances Not Established By Plaintiffs In Their Motion

As we noted in our portion of the joint status report filed on May 12, 2008, the Supreme Court held in Eisen v. Carlisle & Jacqueline, 417 U.S. 156, 178-179 (1974), that a representative plaintiff generally is expected to bear the cost of notice to the class as part of the "burden of financing his own suit." Although the Supreme Court subsequently recognized in Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978), that courts have authority under Fed. R. Civ. Pro. 23(d) to consider which party should perform particular tasks necessary to notify putative class members of a pending claim, it reaffirmed that "[t]he general rule must be that the representative plaintiff should perform the tasks, for it is he who seeks to maintain the suit as a class action and to represent other member so his class." 437 U.S. at 356.

In Oppenheimer Fund, the Supreme Court recognized a limited exception to the general rule of requiring plaintiffs to perform and pay for class notification tasks when, for example, the defendant can identify class members with greater efficiency or less expense than the plaintiff or when the defendant has already performed or will perform this task in the ordinary course of its

business.[1] However, nothing in the Supreme Court's decision in Oppenheimer Fund stands for the proposition that the costs associated with class notice and management of class claims generally may be imposed upon defendant merely because the issue of liability has been resolved in plaintiffs' favor.

Here, plaintiffs have made no effort to demonstrate that the tasks whose costs they seek to impose upon the Government can be performed more efficiently or economically than by plaintiffs. Indeed, to the contrary, plaintiffs seek to have these tasks performed by a private company rather than the Government, the cost of whose services would be the same whether paid by plaintiffs or defendant. Thus, plaintiffs have failed to identify circumstances that would justify imposition of class notification costs upon the Government consistent with the Supreme Court's decisions.

In support of their motion, plaintiffs cite to a variety of district court cases imposing certain class notice costs upon defendants where liability already has been determined. We note first that none of these cases are binding upon this Court. Moreover, two of these cases were decided prior to the Supreme

[1] In such circumstances, a court may order the defendant to identify the class members and may, at its discretion, decline to shift the cost of identifying class members from the defendant to plaintiff, particularly if the expense involved is "so insubstantial as not to warrant the effort required to calculate it and shift it to the representative plaintiff." Sanders, supra, at 359.

Court's decision in Oppenheimer Fund and, therefore, are of doubtful validity in light of the Court's specific language addressing the very limited circumstances in which the Court believes the costs of class notice should be shifted to defendants.

The remaining cases upon which plaintiffs rely make little attempt to explain why the Supreme Court's decisions in Eisen and Oppenheimer Funds need not be followed and cite with impunity to cases decided before Oppenheimer Funds was decided. They furnish little in the way of reasoned analysis upon which this Court might rely for guidance.

Because the Supreme Court has firmly indicated that the costs of class notice are to be borne by the representative plaintiffs absent limited circumstances not demonstrated by plaintiffs in their motion, this Court should deny plaintiffs' request to impose all costs associated with class notice upon the Government.

## II. EAJA Does Not Permit Imposition Of Class Notification Costs Upon The Government; In Any Event, Plaintiffs' Motion Is Premature

The Supreme Court's decisions in Eisen and Oppenheimer Funds make clear that the charges associated with class notification are ordinary costs of litigation. However, those cases, as well as nearly all of the cases cited by plaintiffs in their motion,

did not involve suits against the United States[2]. Thus, neither the Supreme Court nor the district courts had to consider sovereign immunity issues in the context of the allocation of class notification costs.

The recovery of costs in civil actions brought "by or against the United States" is governed by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)(1). Pursuant to that statute:

> "A judgment for costs, as enumerated in section 1920 of this title, . . . may be awarded to the prevailing party in any civil action brought by or against the United States."

The Supreme Court has held repeatedly that EAJA constitutes a waiver of sovereign immunity and should be strictly construed. See, e.g., Ardestani v. Immigration and Naturalization Serv., 502 U.S. 129, 137 (1991). EAJA lifts the bar of sovereign immunity for award of costs in suits brought by litigants qualifying under the statute, but does so only to the extent explicitly and

---

[2] The sole exception is Wolfchild v. United States, 68 Fed. Cl. 779 (2005). In that case, plaintiffs sought to have the Court order the Government only to provide a list of putative plaintiffs. They did not seek to impose the costs of notifying putative plaintiffs of the pending civil action upon the Government. In a footnote, the Court said that plaintiffs' willingness to perform the task of mailing the notification to putative plaintiffs "comports with the Supreme Court's cautionary observation in Oppenheimer Fund that the representative plaintiff in a class action should bear all costs relating to the sending of notice, except where such costs are not substantial." 68 Fed. Cl. at 797, fn. 27.

unequivocally provided. Levernier Const., Inc. v. United States, 947 F.2d 497, 502 (Fed. Cir. 1991) (quoting Fidelity Construction Co. v. United States, 700 F.2d 1379, 1386 (Fed. Cir.1983)). Thus, the Court must strictly construe EAJA's cost shifting provision in favor of the government.

As noted, section 2412(a)(1) authorizes an award of costs “as enumerated in section 1920 of this title.” Thus, Congress did not make the United States generally liable for every item of costs traditionally borne by private parties, but rather waived sovereign immunity "only as to certain prescribed items of costs.” Cassata v. Federal Savings & Loan Ins. Corp., 445 F.2d 122, 125 (7th Cir. 1971). See Wells Marine v. United States, 1 Cl. Ct. 327, 328 (1983). In Federal Trade Commission v. H.G. Kuykendall, 466 F.3d 1149 (10th Cir. 2006), the United States Court of Appeals for the Tenth Circuit concluded that the most natural reading of the phrase “as enumerated in section 1920 of this title” is that costs taxable to the prevailing party are limited those expressly listed in § 1920.

Section 1920 lists six categories of costs[3]; however, the

---

[3]Section 1920 provides in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and Marshall;
>
> (2) Fees if the court reporter for all or any part of the stenographic transcript

costs of class notification and administration of class claims forms, or the equivalents, are not among them. Inasmuch as the costs plaintiffs seek to have imposed upon the Government are not authorized by EAJA, plaintiffs' motion should be denied.

Finally, plaintiffs' motion is not properly before the Court at this time because it is premature. A party seeking an award pursuant to section 2412 must apply to the Court within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(A); RCFC 54(d)(1)(A). A request filed in advance of a final judgment is premature. Kirchdorfer, Inc. V. United States, 803 F.2d 711 (1986)(Request for attorney fees pursuant to 28 U.S.C. § 2412(d)(1)(A) premature because no final judgment in the action had been entered.)

Here, plaintiffs seek an order requiring defendant to pay their costs. However, their request is premature as no final

---

> necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

judgment has yet been entered. Accordingly, their request should be rejected by this Court.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny plaintiffs' motion for an order requiring defendant to bear class notice costs and administration of opt-in class.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Hillary A. Stern
HILLARY A. STERN
Senior Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 "L" Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0177
Fax: (202)305-7643

June 12, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 12th day of June 2008, a copy of the foregoing "DEFENDANT’S OPPOSITION TO PLAINTIFFS’ MOTION FOR ORDER REQUIRING DEFENDANT TO BEAR CLASS NOTICE COSTS AND ADMINISTRATION OF OPT-IN CLASS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court’s system.

/s/ Hillary A. Stern