**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| YOLANDA QUIMBY, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 02-101C<br><br>Judge Victor J. Wolski |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING DEFENDANT TO BEAR CLASS NOTICE COSTS AND ADMINISTRATION OF OPT-IN CLASS**

## I. INTRODUCTION.

As noted in Plaintiffs' opening brief, Plaintiffs bring this Motion pursuant to Rule 23(d) of the Rules of the Court of Federal Claims ("RCFC") – *not* the Equal Access to Justice Act ("EAJA") as Defendant asserts.[1] The law is settled that this Court has the authority under Rule 23(d) to order Defendant to identify the names, social security numbers, and current or last known home addresses of potential members of the class from among its current and former employees so that the appropriate "opt-in" class notice can be sent to them. Inasmuch as only the Defendant possesses the records from which that identification can be derived, such an order is the only method for fulfilling RCFC 23(c)(2)'s requirement that "the court shall direct to the potential members of the class the best notice practicable under the circumstances, including

[1] Plaintiffs' will file a separate motion at the appropriate time seeking reimbursement for attorneys' fees under the Back Pay Act, 5 U.S.C. § 5596, and for reimbursement of expenses under the EAJA, 28 U.S.C. § 2412(b).

notice to all individuals who can be identified through reasonable effort." While generally the plaintiff class must bear the costs of such identification, and the printing, mailing, and administration of such notices, there is overwhelming precedent that the court has the discretion under Rule 23(d) to shift the burden of such expenses to the Defendant where its liability for damages has been fixed in addition to the determination of class certification.

In its Opposition to Plaintiffs' Motion for Defendant to bear these costs, Defendant acknowledges that the "EAJA lifts the bar of sovereign immunity for an award of costs in suits brought by litigants qualifying under the statute," but Defendant insists that the EAJA "does so only to the extent explicitly and unequivocally provided [by § 2412 (a)]." (Def.'s Opp. to Pltfs' Mot. For Order Requiring Def. to Bear Class Notice Costs and Administration of Opt-In Class ("Def.'s Opp.") at 5-6.) Moreover, the United States admits (as it must) that "the charges associated with class notification are ordinary costs of litigation." (*Id.* at 4.)

Paradoxically, Defendant relies exclusively on § 2412(a) for its sovereign immunity defense because such "charges associated with class notification" are not specifically enumerated by section 1920 that is referenced in § 2412(a). However, § 2412(b) makes it abundantly clear that "[u]nless expressly prohibited by statute, a court may award **reasonable** fees and **expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a),** to the prevailing party in any civil action brought by or against the United States . . ." 28 U.S.C. § 2412(b) (emphasis added). Thus, there can be no question that the EAJA and case law from the Federal Circuit confirm that the government has waived sovereign immunity with respect to the reasonable costs of litigation.

In § 2412(b), Congress has made it clear that the government should stand on equal footing with private litigants where a prevailing party seeks recovery of attorneys' fees and

expenses against it ("[t]he United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award"). Private litigants against whom liability has been conclusively determined are responsible for the costs of class identification, class notice and administration prior to final judgment. Accordingly, here, Defendant should be responsible for the costs of class notice and administration at this stage of the proceedings because the Court has conclusively determined liability against Defendant.

Finally, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), establishes beyond any doubt that RCFC 23 (d) provides this Court with the authority and the discretion to shift appropriate costs to the Defendant in appropriate circumstances.

## II. LEGAL STANDARD.

RCFC 23(d), which parallels Rule 23(d) of the Federal Rules of Civil Procedure ("FRCP"), provides that:

> In the conduct of actions to which this rule applies [(i.e., class actions)], the court may make appropriate orders: . . .
>
> (2) requiring, for the protection of the members of the class or otherwise **for the fair conduct of the action**, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action;. . .
>
> (5) dealing with similar procedural matters.

RCFC 23(d) (emphasis added). Courts have broad discretion under RCFC 23(d), and its FRCP counterpart, to issue orders relating to the provision of notice to class members. *See Barnes v. United States*, 72 Fed. Cl. 6, 7-8; *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004).

The EAJA, 28 U.S.C. § 2412, allows a prevailing party to recover

- "costs, as enumerated in section 1920 of this title" (see 28 U.S.C. § 2412(a));
- "fees and expenses of attorneys in addition to the costs which may be awarded pursuant to subsection (a)" (see 28 U.S.C. § 2412(b)); **and**
- "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)" (see 28 U.S.C. §2412(d) (1) (A)).

## III. THE SUPREME COURT'S OPINION IN *OPPENHEIMER FUND, INC.* DOES NOT LIMIT THIS COURT'S DISCRETION TO ORDER DEFENDANT TO IDENTIFY MEMBERS OF THE CLASS AND TO PAY CLASS NOTICE COSTS AFTER LIABILITY HAS BEEN DETERMINED IN FAVOR OF PLAINTIFFS.

Defendant argues that the Supreme Court opinion in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), establishes a limited exception with respect to cost shifting of litigation expenses which does not permit the court to order the defendant to bear such costs after liability has been determined in favor of the plaintiffs. (Def.'s Opp. at 2-3.) But *Oppenheimer Fund* only concerned a class action case[2] in which liability had not even been considered, let alone decided. Based on the facts of the case, the Supreme Court could pass judgment only on those situations where identification of class members and costs associated with class notice were considered at a

[2] In *Oppenheimer Fund,* the Court made two references to the context of its reasoning that generally, the costs of identification and notice should be borne by the plaintiffs: "In the context of a lawsuit in which the defendants deny all liability, the imposition on them of a threshold expense of $16,000 [in 1978 dollars] to enable the plaintiffs to identify their own class hardly can be viewed as an insubstantial burden." 437 U.S. at 361. And, the Court noted: "A bare allegation of wrongdoing, whether by breach of fiduciary duty or otherwise, is not a fair reason for requiring a defendant to undertake financial burdens and risks to further a plaintiff's case." *Id.* at 363. Of course, in the case *sub judice,* this Court has determined conclusively that Plaintiffs' claims are not "bare allegations of wrongdoing". Rather, this Court has found that Plaintiffs' allegations are justified under the law, and that Plaintiffs are prevailing parties in the litigation against a Defendant that has abused its responsibility to pay tens of thousands of its own employees in accordance with the statutory command over a period of time exceeding 15 years.

stage of the litigation before any consideration of the merits of plaintiffs' claims. Thus, Defendant's argument in the case at bar is a non sequitur.

The *Oppenheimer Fund* court definitively stated: "It is clear that Rule 23(d) vests power in the district court to order one of the parties to perform the tasks necessary to send notice." 437 U.S. at 354. We now turn to the issue of which party should bear – as Defendant has admitted – "the charges associated with class notification [that] are ordinary costs of litigation."

## IV. THE COURT SHOULD ORDER DEFENDANT TO PAY THE CLASS NOTICE COSTS AT THIS STAGE OF THE PROCEEDINGS.

The Court has already determined both liability and class certification in Plaintiffs' favor. *See Curry v. United States*, 66 Fed. Cl. 593, 608 (2005) ("*Curry I*") (finding Defendant liable); *Curry v. United States*, 81 Fed. Cl. 328, 338-40 (Fed. Cl. 2008) ("*Curry II*") (granting class certification). All that remains to be accomplished in this litigation is to decide the amount of damages to which each class member is entitled, and to provide notice of the Court's findings to the potential class members so that they can decide whether or not to "opt-in" in order to receive the back pay that Defendant should have paid them long ago.

### A. The Government Has Waived Sovereign Immunity with Respect to the Costs of Class Notice and Administration.

Plaintiffs are moving this Court for an order pursuant to RCFC 23(d); Plaintiffs are <u>not</u> moving the Court for an order for fees and expenses under the EAJA at this time. However, the EAJA and authority from this circuit interpreting that statute are instructive here regarding whether the United States has waived sovereign immunity as to the ordinary costs of litigation. Defendant argues that "costs of notification and administration of class claims forms, or the equivalents, are not among" the costs listed in 28 U.S.C. section 1920, and that under section 2412(a) of the EAJA, "costs taxable to the prevailing party are limited [to] those expressly listed

in § 1920." (Def.'s Opp. at 6-7.) Defendant's reading of the EAJA is overly narrow and refuted by the case law in this circuit and even the EAJA itself.

Contrary to Defendant's argument, 28 U.S.C. § 2412(b) provides for recovery of "fees and **expenses** of attorneys **in addition to the costs which may be awarded pursuant to subsection (a).**" 28 U.S.C. § 2412(b) (emphasis added). As explained by the Federal Circuit, "Section 2412(b) essentially strips the government of its cloak of immunity with respect to **costs** and fees and requires it to litigate under the same professional standards applicable to a private litigant." *M.A. Mortenson Co. v. United States*, 996 F.2d 1177, 1180 (Fed. Cir. 1993) (emphasis added). Similarly, section 2412(d)(1)(A) permits a prevailing party to recover "fees and **other expenses**, in addition to any costs awarded pursuant to subsection (a)." (emphasis added). It is clear, therefore, that the "other expenses" of litigation, which Defendant admits include "the charges associated with class notification," are entirely separate from the specific costs enumerated in §§ 1920 and 2412(a), and that the government has waived sovereign immunity as to reasonable "expenses" associated with class notification that are covered by §§ 2412(b) and (d).

The fact that Congress made it clear that the government not only waived sovereign immunity but also should be in the same position as a private litigant with respect to a prevailing party's entitlement to other fees and expenses, however, provides further support for an order requiring Defendant to pay for class notice and administration costs in this case. Section 2412(b) provides that "[t]he United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." Consistent with this section, the United States is liable for the costs of class notice and administration because the common law provides

that a defendant should pay the costs of class notice and administration where the defendant has been found liable. *See Allen v. Leis*, No. C-1-00-261, 2002 WL 1752279, at *2 (S.D. Ohio July 12, 2002); *Six (6) Mexican Workers v. A.Z. Citrus Growers*, 641 F. Supp. 259, 264 (D. Ariz. 1986); *Catlett v. Missouri Highway and Transp. Com'n*, 589 F. Supp. 949, 952 (W.D. Mo. 1984); *Kyriazi v. W. Elec. Co.*, 465 F. Supp. 1141 (D.N.J. 1979); *Meadows v. Ford Motor Co.*, 62 F.R.D. 98, 102 (W.D. Ky. 1973); *Ostapowicz v. Johnson Bronze Co.*, 54 F.R.D. 465, 467 (W.D. Pa. 1972).

Further, courts have referred specifically to Rule 23(d) when requiring defendants who are found liable to pay for reasonable litigation costs associated with class notification, including identification of class members. *See Barnes*, 72 Fed. Cl. at 8; *Catlett*, 589 F. Supp. at 952; *Kyriazi*, 465 F. Supp. at 1144; *Meadows*, 26 F.R.D at 101-02. Thus, pursuant to RCFC 23(d), this Court should order Defendant to pay for the class notice and administration costs.

**B. Plaintiffs' Motion is Timely.**

As the Court is aware, this action proceeded – by agreement between Plaintiffs and Defendant and with Judge Baskir's approval – in a different order than is the usual case. Defendant agreed that the Court would determine liability before reaching class certification. The parties proceeded in this order in the interests of judicial efficiency and economy – if the Court determined that Defendant was not liable, there would be no reason to reach the issue of class certification. Not only did Defendant agree to have the Court rule on liability before class certification, but over the years during which this case proceeded, Defendant never raised an objection to this order of proceedings.[3]

[3] While Defendant attempted to defeat the issue of commonality, Defendant never actually expressed opposition to the order of the proceedings in this case. *See Curry II*, 81 Fed. Cl. at 333 (citing Defendant's Opposition to Plaintiffs' Motion for Class Certification at 16).

Because the Court ruled that Defendant was liable to Plaintiffs for back pay and then granted class certification, Plaintiffs now ask the Court at this stage of the proceedings – the stage in which notice is to be provided to the class – to invoke its power under RCFC 23(d) to order Defendant to pay for the costs of notice and administration of the class.

Defendant's final attempt to avoid the clear authority that a defendant who has been adjudged liable to the class should pay the class notice and administration costs is to argue that Plaintiffs' motion is premature. First, the EAJA waives the defense of sovereign immunity. The Court has authority to order a defendant to pay for class notice and administration costs under the broad language of RCFC 23(d), which clearly applies before final judgment.[4]

Second, even if Plaintiffs were seeking an order under the EAJA, it would be timely because a prevailing party need not wait until after final judgment to seek costs, fees or expenses under the EAJA. *Gonzalez v. U.S.*, 44 Fed. Cl. 764, 767-68 (Fed. Cl. 1999) (concluding that plaintiff was the "prevailing party" for purposes of timely filing a petition for attorneys' fees and expenses under the EAJA after a determination of liability but before the court determined the quantum of damages because "the 30-day provision in the [EAJA] was meant to establish a deadline, not a starting point"). The logic underlying this court's conclusion in *Gonzalez*

[4] Plaintiffs were not able to locate authority in the Court of Appeals for the Federal Circuit or the Court of Federal Claims that addressed the issue of requiring a defendant who has been found liable to pay for the costs of class notice and class administration. The Court of Federal Claims in *Wolfchild v. United States*, 68 Fed. Cl. 779 (2005), and *Barnes* did, however, require defendants to pay for the cost of identifying potential class members which plainly is part of the class notification process. Plaintiffs have cited numerous cases from other district courts that have all reached the same conclusion under FRCP 23(d); RCFC 23(d) is virtually identical. These cases conclude that the *Eisen* and *Oppenheimer Fund* decisions leave open the court's discretion to order a defendant to pay for costs of class notice and administration where (unlike in the typical case where class certification is decided before liability) the defendant has already been found liable. *See, e.g., Catlett*, 589 F. Supp. at 951-52. The procedural posture of this case is identical to the district court cases that Plaintiffs cite, and the reasoning in those cases is not only logical but compelling. This Court can and should apply the same reasoning here.

supports the conclusion that Plaintiffs' motion under RCFC 23(d) is timely. As explained by the *Gonzalez* court, "[a] plaintiff is the prevailing party where he has received 'actual relief on the merits of his claim materially alter[ing] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.* at 768 (quoting *Neal & Co. v. United States*, 121 F.3d 683, 685 (Fed. Cir. 1997)). In making this determination, courts consider substance over form. *Id.* "Consequently, the status of 'prevailing party' is not limited to 'a victor only after entry of a final judgment following a full trial on the merits.'" *Id*.

Here, Plaintiffs are unquestionably the "prevailing party" because the Court found that Defendant is liable to Plaintiffs for back pay. These findings "materially alter[ed] the legal relationship between the parties." *See id.* Plaintiffs submit that it makes no sense for them to incur the substantial costs of class notification and administration and then be reimbursed for those charges under §§ 2412 (b) and/or 2412 (d)(1)(A) inasmuch as the Court clearly has the discretion and authority to shift those costs to the Defendant under RCFC 23 (d) at this stage in the litigation. This cost shifting particularly is appropriate in view of the economic disparity between a small group of retired VA employees who are the representative Plaintiffs and the United States. In the instant case, as in *Gonzalez*, the only issue remaining to be decided is the quantum of damages to which the class members are entitled.

Thus, Plaintiffs' motion is timely in at least two independent ways: (1) Plaintiffs are seeking an order under RCFC 23(d), which grants the Court broad discretion to make orders relating to the notice to the class and therefore necessarily allows such orders prior to final judgment; and (2) where there is a prevailing party, the EAJA, by comparison, also allows the Court to exercise its discretion prior to final judgment with respect to the United States, which "shall be liable for such fees and expenses to the same extent that any other party would be liable

under the common law or under the terms of any statute which specifically provides for such an award." 24 U.S.C. § 2412(b).

## V. CONCLUSION.

For the reasons stated above, Plaintiffs respectfully request the Court grant this Motion and order Defendant to pay for all class identification costs, the costs of printing and mailing of class notice(s), and all other costs of administering the opt-in class.

Plaintiffs respectfully request a status conference and/or oral argument with respect to this Motion and the issues raised in the Joint Status Report as soon as practicable. Plaintiffs' counsel is scheduled to be out of the country from August 10, 2008 to August 26, 2008 and would appreciate it if the status conference could be held before then.

Respectfully submitted,

s/Ira M. Lechner
IRA M. LECHNER, ESQ.
Attorney
19811-4th Place
Escondido, CA 92029
Tel: (858) 864-2258
Fax: (760) 839-5755

Attorney for Plaintiffs

Of Counsel:
ROBERT W. BROWNLIE, ESQ.
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2700
Fax: (619) 699-2701

Co-Counsel for Plaintiffs

Dated: July 3, 2008

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2008, a copy of the foregoing "PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING DEFENDANT TO BEAR CLASS NOTICE COSTS AND ADMINISTRATION OF OPT-IN CLASS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ira M. Lechner