IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YOLANDA QUIMBY, *et al.*, on behalf of themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | No. 02-101C |
| | ) | Judge Wolski |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PLAINTIFFS' UNOPPOSED STATUS REPORT

Plaintiffs respectfully submit the following status report providing detailed information concerning the proposed "plan" of notification and administration. Defendant's counsel has authorized Plaintiffs' counsel to state that Defendant has no objection to the "plan" as outlined in the Declaration of Ira M. Lechner, Plaintiffs' counsel, filed on July 29, 2008. Defendant reserves its right, and does not waive its right, to object to any future motion to shift the costs of class notification and administration.

In view of Plaintiffs' withdrawal of its motion to shift the costs of class notification and administration, Plaintiffs propose the following "plan" for the Court to consider after conferring with counsel for the parties about the details of the "plan" in a status conference to be held on or after August 26, 2008. Counsel for both parties respectfully request the Court's indulgence in scheduling the status conference inasmuch as they will not be in their offices on the same date until that time:

(a) The initial mailing to the electronic database supplied by the VA would be a mailing by the Administrator of a postcard to the putative class members containing a concise description of the action and their "opt-in" rights. The postcard would contain a prominent reference to an internet-based website established by Class Counsel and maintained by the Class Administrator containing all of the information in the Court-approved Notice and Claim Forms together with comprehensive questions and answers about the details of the case similar to the information on

the website maintained in the *Archuleta* case, www.mylumpsumpayment.com. The website would enable interested putative class members to file their claim directly online, or to download and print the necessary Claim Form for return mail to the Administrator. As a security measure, "online claimants" (as do claimants who file by mail) would have to provide the Administrator with the appropriate social security number in order to be accepted as a claimant.

(b) The postcard also would provide an 800 number staffed by the Administrator which putative class members could use to resolve questions about the case, and/or to clarify their eligibility to file a claim.

(c) Within 60 days after the mailing of the initial postcard, the Administrator would mail the complete, multi-page package of the Notice and Claims Forms to all those putative class members who did not respond to the postcard Notice either by filing a Claim Form online, filing a Claim Form by mail, or after having discussed their individual eligibility with the Administrator's staff on the 800 number provided in the postcard, the putative class member was informed that he or she is ineligible to file a claim (i.e., they worked only day shifts, they retired or separated before September 5, 1995, or they were employed in an ineligible job classification).

(d) The Court's Order would establish an opt-in 60-day deadline for final submission of a claim following the date of the mailing of the complete package of the Class Notice and Claim Forms, thereby retaining the overall opt-in 120-day filing period proposed by Plaintiffs' counsel in the Joint Preliminary Status Report which was not objected to by Defendant.

(e) The Court's Order would permit a further 60-day opt-in "grace period" following a mailing by the IRS (or by the Administrator to a new address obtained from a commercial database) to all potential claimants whose mailed package of the Class Notice and Claim Forms were returned to the Administrator as undeliverable. The letter to be mailed by the IRS (or by the Administrator) would direct the recipients to the website.

(f) The VA would be ordered to post, and maintain, within 30 days of the Court's Order, the Notices approved by the Court on all bulletin boards in VA medical facilities (such as medical centers, clinics, or domiciliary facilities) where notices directed to employees are routinely posted.

(g) The Court's Order would appoint Epiq Systems, Inc. ("Epic") as Class Administrator to mail class notices and claim forms, pursuant to a general plan approved by the Court, to putative class members identified by an electronic database to be supplied by the VA of all the registered nurses and "hybrid' employees currently employed by the VA, or previously employed by the VA from September 5, 1995 to the present time. Epiq would administer all postage, printing, website maintenance, and administrative handling of the replies and opt-in claim forms by putative class members at a cost to be advanced by Plaintiffs.

(h) Plaintiffs respectfully request that the Court permit Plaintiffs' counsel to exercise their best judgment to supplement the distribution of the court-approved Class Notice and Claim Forms by placing notices in carefully selected professional journals, by the use of the internet, and by the use of other similar cost-effective means. Plaintiffs reserve the right at the conclusion of the case to file a motion pursuant to 28 U.S.C. § 2412 for reimbursement of reasonable costs and other expenses incurred during the administration of the class action. At that time, the Court can determine which, if any, of the "other expenses" actually incurred by Plaintiffs and Plaintiffs' counsel were reasonable and should be borne ultimately by the Defendant. Plaintiffs also reserve the right to file a motion at the appropriate time for reasonable attorneys' fees pursuant to the Back Pay Act.

As submitted by Plaintiffs in its Amendment to Plaintiffs' portion of the May 12, 2008 Joint Status Report, in accordance with the definitions outlined below, Plaintiffs propose that the Notice of Class Action and Claim Form be modified to reflect the additional categories of potentially eligible employees who are part of the class of hybrids during the specified time periods.

- The definition of "hybrid" employees for those employed by the Veterans Health Administration ("VHA") between September 5, 1995 and June 2, 2004 is as follows: licensed vocational nurses, licensed practical nurses, licensed physical therapists, certified or registered respiratory therapists, occupational therapists, pharmacists, and graduate nurse technicians.

- By virtue of the 2003 amendment to 38 U.S.C. § 7401, the following occupations were added to the definition of "hybrid" employees for those employed by the VHA between June 3, 2004 and November 29, 2004: Audiologists, speech pathologists, audiologist-speech pathologists, biomedical engineers, dietitians, medical instrument technicians, medical records administrators or specialists, medical records technicians, medical and dental technologists, nuclear medicine technologists, occupational therapy assistants, kinesiotherapists, orthotist-prosthetists, pharmacy technicians, physical therapy assistants, prosthetic representatives, psychologists, diagnostic radiologic technicians, therapeutic radiologic technicians, and social workers.[1]

- By virtue of the amendment enacted on November 30, 2004, the definition of "hybrid" employees was expanded further by the addition of dental hygienists, dental assistants, marriage and family therapists, licensed professional mental health counselors, blind rehabilitation specialists, and blind rehabilitation outpatient specialists. Thus, the definition of "hybrid" employees from November 30, 2004 to the present is as follows: Audiologists, speech pathologists, and audiologist-speech pathologists, biomedical engineers, certified or registered respiratory therapists, dietitians, licensed physical therapists, licensed practical or vocational

[1] The 2003 amendment to 38 U.S.C. § 7401 was effective 180 days after December 6, 2003 (i.e., June 3, 2004); therefore, the new hybrid definition was effective June 3, 2004. *See* Veterans Health Care, Capital Asset, and Business Improvement Act of 2003, Pub. L. 108-170 § 302(h).

nurses, medical instrument technicians, medical records administrators or specialists, medical records technicians, medical technologists, dental hygienists, dental assistants, nuclear medicine technologists, occupational therapists, occupational therapy assistants, kinesiotherapists, orthotist-prosthetists, pharmacists, pharmacy technicians, physical therapy assistants, prosthetic representatives, psychologists, diagnostic radiologic technologists, therapeutic radiologic technologists, social workers, marriage and family therapists, licensed professional mental health counselors, blind rehabilitation specialists, and blind rehabilitation outpatient specialists.[2]

Therefore, Plaintiffs refer the Court to the exhibits attached to Plaintiffs' Amendment to Plaintiffs' portion of the May 12, 2008 Joint Status Report as Plaintiffs' Exhibits A, an Amended Proposed Notice of Class Action for "hybrid employees," and as Plaintiffs' Exhibit B, an Amended Proposed Claim Form for "hybrid employees," to reflect the addition of these occupational groups to the definition of "hybrid" employees.

[2] 38 U.S.C. § 7401 was further amended on November 30, 2004 by the Veterans Health Programs Improvement Act of 2004, Pub. L. 108-422 (2004). For simplicity, Plaintiffs have combined the additional categories of hybrids as of November 30, 2004 in drafting both the Proposed Notice of Class Action and the Proposed Claim Form.

Inasmuch as Plaintiffs have withdrawn their motion to shift the costs of mailing and administration, Plaintiffs respectfully request that the Court approve the notification and administration procedure and process as described above.

Respectfully submitted,

s/Ira M. Lechner, Esq.

IRA M. LECHNER, ESQ.
19811-4th Place
Escondido, CA 92029
Tele: (858) 864-2258
Fax: (760) 839-5755
Attorney for Plaintiffs

Robert W. Brownlie, Esq.
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2700
Fax: (619) 699-2701
Co-Counsel for Plaintiffs

Dated: August 6, 2008

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2008, a copy of the foregoing "PLAINTIFFS' UNOPPOSED STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ira M. Lechner