# EXHIBIT A

UNITED STATES COURT OF FEDERAL CLAIMS

# NOTICE OF CLASS ACTION LAWSUIT

**A class action lawsuit may affect your rights if you ARE or WERE employed as a Certified or Registered Respiratory Therapist, Licensed Physical Therapist, Licensed Practical Nurse ("LPN"), Licensed Vocational Nurse ("LVN"), Pharmacist, Occupational Therapist, Graduate Nurse Technician, Audiologist, Speech Pathologist, Audiologist-Speech Pathologist, Biomedical Engineer, Dietitian, Medical Instrument Technician, Medical Records Administrator or Specialist, Medical Records Technician, Medical or Dental Technologist, Nuclear Medicine Technologist, Occupational Therapy Assistant, Kinesiotherapist, Orthotist-Prosthetist, Pharmacy Technician, Physical Therapy Assistant, Prosthetic Representative, Psychologist, Diagnostic Radiologic Technician, Therapeutic Radiologic Technician, Social Worker, Dental Hygienist, Dental Assistant, Marriage and/or Family Therapist, Licensed Professional Mental Health Counselor, Blind Rehabilitation Specialist, OR Blind Rehabilitation Outpatient Specialist – also known as "Hybrid" employees – by the Veterans Health Administration ("VHA") on or after the dates below.**

*The United States Court of Federal Claims authorized this notice; this is not a solicitation from a lawyer.*

- The United States Court of Federal Claims in Washington, D.C. has decided that the VA violated federal pay statutes by failing to pay night work and weekend "premium pay" to the "hybrid" employees, who worked in the occupations listed above, when you used paid leave in four situations:

- (1) **Those employees who were specifically designated as "hybrid" employees <u>between September 5, 1995 and October 1, 1997</u>**, should have been paid weekend "premium pay' of 25% whenever they were excused from regularly scheduled Saturday and Sunday shifts when they used paid annual leave, sick leave, military leave, and/or court or witness leave.

- (2) **Those employees who were specifically designated as "hybrid" employees <u>between October 1, 1997 and January 23, 2002</u>**, should have been paid weekend "premium pay' of 25% whenever they were excused from regularly scheduled Saturday shifts (that did not include any Sunday hours) when they used paid annual leave, sick leave, military leave, and/or court or witness leave.

- (3) **<u>All</u> Certified or Registered Respiratory Therapists, Licensed Physical Therapists, Licensed Practical Nurses ("LPNs"), Licensed Vocational Nurses ("LVNs"), Pharmacists, Occupational Therapists, or Graduate Nurse Technicians <u>who were employed at the VHA between January 23, 2002 until the present time</u>** should have been paid weekend "premium pay' of 25% whenever they were excused from regularly scheduled Saturday shifts (that did not include any Sunday hours) when they used paid annual leave, sick leave, military leave, and/or court or witness leave.

- (4) **<u>All</u> Certified or Registered Respiratory Therapists, Licensed Physical Therapists, Licensed Practical Nurses ("LPNs"), Licensed Vocational Nurses ("LVNs"), Pharmacists, Occupational Therapists, or Graduate Nurse Technicians**

**<u>who were employed at the VHA between September 5, 1995 until the present time</u>** should have been paid nighttime "premium pay" of 10% when these "hybrid" employees were excused from duty between the hours of 6 p.m. and 6 a.m. (such as on the 2nd or 3rd shifts) whenever such "hybrid" employees used annual leave or sick leave from September 5, 1995 to the present time.

- (5) **<u>All</u> Audiologists, Speech Pathologists, Audiologist-Speech Pathologists, Biomedical Engineers, Dietitians, Medical Instrument Technicians, Medical Records Administrators or Specialists, Medical Records Technicians, Medical or Dental Technologists, Nuclear Medicine Technologists, Occupational Therapy Assistants, Kinesiotherapists, Orthotist-Prosthetists, Pharmacy Technicians, Physical Therapy Assistants, Prosthetic Representatives, Psychologists, Diagnostic Radiologic Technicians, Therapeutic Radiologic Technicians, Social Workers, Dental Hygienists, Dental Assistants, Marriage and/or Family Therapists, Licensed Professional Mental Health Counselors, Blind Rehabilitation Specialists, or Blind Rehabilitation Outpatient Specialists <u>who were employed at the VHA between November 30, 2004 until the present time</u>** should have been paid weekend "premium pay' of 25% whenever they were excused from regularly scheduled Saturday shifts (that did not include any Sunday hours) when they used paid annual leave, sick leave, military leave, and/or court or witness leave.

- (6) **<u>All</u> Audiologists, Speech Pathologists, Audiologist-Speech Pathologists, Biomedical Engineers, Dietitians, Medical Instrument Technicians, Medical Records Administrators or Specialists, Medical Records Technicians, Medical or Dental Technologists, Nuclear Medicine Technologists, Occupational Therapy Assistants, Kinesiotherapists, Orthotist-Prosthetists, Pharmacy Technicians, Physical Therapy Assistants, Prosthetic Representatives, Psychologists, Diagnostic Radiologic Technicians, Therapeutic Radiologic Technicians, Social Workers, Dental Hygienists, Dental Assistants, Marriage and/or Family Therapists, Licensed Professional Mental Health Counselors, Blind Rehabilitation Specialists, or Blind Rehabilitation Outpatient Specialists <u>who were employed at the VHA between November 30, 2004 until the present time</u>** should have been paid nighttime "premium pay" of 10% when these "hybrid" employees were excused from duty between the hours of 6 p.m. and 6 a.m. (such as on the 2nd or 3rd shifts) whenever such "hybrid" employees used annual leave or sick leave from November 30, 2004 to the present time.

- The Court has decided that the VA was wrong in failing to pay premium pay to "hybrid" employees in these situations as a result of a lawsuit filed by VA employees in the United States Court of Federal Claims.

- The Court also decided to allow the lawsuit to continue as a class action on behalf of **all of these employees** who were affected by the VA's violations of federal pay laws. The Court will now decide how much back pay and interest will be owed to each of these eligible employees or former employees who decide to be included in the lawsuit by filing an "Opt-In Notice and Claim Form". There is no money available until the Court decides how much the VA must pay in back pay and interest to each eligible person who files an "Opt-In Notice and Claim Form".

- <u>However, your legal rights are affected, and you have a choice to make now</u>:

| Your Legal Rights and Options in this Lawsuit | |
|---|---|
| ASK TO BE INCLUDED | **Be included in this lawsuit. Await outcome. Give up certain rights.**<br>By asking to be included in this lawsuit, you acquire rights to any money that may come from a trial or a settlement by the VA. You will not have to pay any lawyer's fee or any expenses. If you are included in this lawsuit, you will be bound by the outcome, whether favorable or unfavorable to you. However, you give up any rights to sue the VA on your own, and at your own expense, about the same legal claims that have been alleged in this lawsuit. |
| DO NOTHING | **Get no benefits from the lawsuit. Keep rights to sue VA on your own and at your own expense.**<br>By doing nothing, you will NOT be included in this lawsuit and you will have **no rights forever** to any money that may come from a trial or settlement of this case. However, you keep the right to sue the VA on your own, and at your own expense, about the same legal claims alleged in this lawsuit. |

- **YOUR OPTIONS ARE EXPLAINED IN THIS NOTICE:**
- **TO ASK TO BE INCLUDED IN THIS LAWSUIT, YOU MUST SUBMIT THIS "OPT-IN NOTICE AND CLAIM FORM" (SEE ATTACHED FORM) BEFORE _______, 2008. IF YOU FAIL TO FILE YOUR OPT-IN NOTICE AND CLAIM FORM BEFORE _____________, 2008, YOU WILL LOSE YOUR RIGHTS TO RECOVER ANY BACKPAY AND INTEREST FROM THIS LAWSUIT FOREVER.**
- **DO NOT DELAY SUBMITTING THIS OPT-IN NOTICE IF YOU WISH TO BE INCLUDED IN THIS LAWSUIT TO RECOVER BACK PAY AND INTEREST.**
- **THIS NOTICE ALSO INCLUDES A CLAIM FORM IN WHICH YOU ASK FOR YOUR SHARE OF THE MONEY, DEPENDING ON WHICH YEARS YOU WERE EMPLOYED, OR ARE STILL EMPLOYED, AS A HYBRID EMPLOYEE BY THE VHA.**
- **Any questions? Read on.**

## WHAT THIS NOTICE CONTAINS


| | |
|---|---|
| **BASIC INFORMATION** ........................................<br>1. Why did I get this notice?<br>2. What is this lawsuit about?<br>3. What is a class action and who is involved?<br>4. Why is this lawsuit a class action? | PAGE 4 |
| **THE CLAIMS IN THE LAWSUIT** ........................................<br>5. What are the Plaintiffs asking for?<br>6. Is there any money available now? | PAGE 6 |
| **WHO IS IN THE CLASS** ........................................<br>7. I'm still not sure if I am included. | PAGE 7 |
| **YOUR RIGHTS AND OPTIONS** ........................................<br>8. What happens if I submit an Opt-In Notice?<br>9. What happens if I do not submit an Opt-In Notice? | PAGE 7 |
| **THE LAWYERS REPRESENTING YOU** ........................................<br>10. Do I have a lawyer in this case?<br>11. Should I get my own lawyer?<br>12. How will the lawyers be paid? | PAGE 8 |
| **THE PROCESS OF DETERMINING INDIVIDUAL DAMAGES** ............<br>13. How and when will the Court decide who is right?<br>14. Do I have to come to the trial?<br>15. Will I get money after the trial? | PAGE 9 |
| **GETTING MORE INFORMATION** ........................................<br>16. Are more details available? | PAGE 10 |
| **CLASS ACTION OPT-IN NOTICE AND CLAIM FORM** ..................... | PAGE __ |


## BASIC INFORMATION

### 1. Why did I get this notice?

The VA's records show that you currently work, or previously worked, as a **Certified or Registered Respiratory Therapist, Licensed Physical Therapist, Licensed Practical Nurse ("LPN"), Licensed Vocational Nurse ("LVN"), Pharmacist, Occupational Therapist, or Graduate Nurse Technician** for the VHA at some point in time on or after September 5, 1995, **OR** that you currently work, or previously worked, as an **Audiologist, Speech Pathologist, Audiologist-Speech Pathologist, Biomedical Engineer, Dietitian, Medical Instrument Technician, Medical Records Administrator or Specialist, Medical Records Technician, Medical or Dental Technologist, Nuclear Medicine Technologist, Occupational Therapy Assistant, Kinesiotherapist, Orthotist-Prosthetist, Pharmacy Technician, Physical Therapy Assistant, Prosthetic Representative, Psychologist, Diagnostic Radiologic Technician,**

**Therapeutic Radiologic Technician, Social Worker, Dental Hygienist, Dental Assistant, Marriage and/or Family Therapist, Licensed Professional Mental Health Counselor, Blind Rehabilitation Specialist, or Blind Rehabilitation Outpatient Specialist** for the VHA at some point in time on or after November 30, 2004. This notice explains that the Court has allowed, or "certified," a class action lawsuit against the VA. As an employee of the VA at some time during the dates specified above, you may be eligible to participate in the class action lawsuit. Therefore, you have legal rights and options that you must exercise now before the Court decides how much back pay and interest is owed by the VA to each of the eligible "hybrid" employees.

## 2. What is this lawsuit about?

- In this lawsuit, a Judge of the United States Court of Federal Claims in Washington, D.C. has decided that the VA violated federal pay statutes by failing to pay night work and/or weekend "premium pay" to the "hybrid" employees, who worked in the occupations listed above, when they used annual leave, or sick leave, or military training leave, and/or court or witness leave in the situations described in the first page of this Notice.

- The Court has decided that the claims against the VA are correct. The Court now will decide how much back pay and interest is owed by the VA to each one of the eligible "hybrid" employees who file the attached "Opt-In Notice and Claim Form" indicating that they want to be included in the lawsuit.

- Judge Victor J. Wolski of the United States Court of Federal Claims is overseeing this class action case. The lawsuit is known as *Quimby, et al., v. United States*, No.02-101C.

## 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case, several RNs and "hybrid" employees of the VA) sue on behalf of other employees who have similar claims. The entire group of employees together is called a "Class", or "Class Members." The people who sued – and all Class Members like them – are the "Plaintiffs" in the case. In this case, the United States of America, on behalf of the VA, is the "Defendant". The United States Court of Federal Claims in Washington, D.C. will resolve the issues for everyone who asks the Court to be included in the Class by submitting an "Opt-In Notice and Claim Form". Those individuals who do not submit an Opt-In Notice will be excluded forever from the Class in this case.

## 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards the computation of individual damages consisting of back pay and interest because it meets the requirements of Rule 23 of the Rules of the United States Court of Federal Claims. On March 27, 2008, the Court ruled that this case could be maintained as a class action and determined the following:

- The potential Class is so numerous that joinder of all members is impracticable;
- There are questions of law and fact common to the class;
- The Plaintiffs' claims are typical of the claims of the rest of the Class;
- The Plaintiffs, and the lawyers representing the Class, will fairly and adequately represent the interests of the Class;
- The common legal questions and facts predominate over any questions affecting only individual class members; and
- This class action will be more efficient than having many individual lawsuits.

For more information, see the Court's March 27, 2008 Order, which is available on the website www.myVAbackpay.com, or at the Court.

### THE CLAIMS IN THE LAWSUIT

## 5. What are the Plaintiffs asking for?

The Plaintiffs are asking for money damages as back pay for the amount of "premium pay" that they claim was not paid to all eligible "hybrid" employees who file an "Opt-In Notice and Claim Form" as Class Members, plus interest to be paid to all those Class Members.

Class Counsel (see question 10) have recently estimated that the average potential damage award, that may be paid to each Class Member who worked for the VA as a "hybrid" employee as described above is **between $1,000 and $ 4,000**, depending on your job classification, pay grade, how many nighttime hours between 6 p.m. and 6 a.m. and/or weekend shifts you worked, and how many hours of annual leave, sick leave, military leave, or court or witness leave you used during the period between September 5, 1995 and the present time.

Some Class Members may be entitled to more or less depending on their individual circumstances. This is Class Counsel's estimate and it has not been calculated or endorsed by either the Court or the VA.

## 6. Is there any money available now?

No money is available now. Money will only become available to Class Members when the Court decides how much back pay and interest is owed to each eligible Class Member who files an "Opt-In Notice and Claim Form", or if the Plaintiffs and Defendant choose to settle the case. There is no guarantee that money ever will be obtained.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing to the Class Action Administrator at the phone number or address listed in question 16.

## HERE ARE YOUR RIGHTS AND OPTIONS:

You must decide whether **to ask** to be included in the Class by submitting an "Opt-In Notice and Claim Form", or to do nothing and be excluded from the Class, AND YOU MUST DECIDE NO LATER THAN _________, 2008, OR BE FOREVER EXCLUDED FROM RECEIVING ANY BACK PAY AND INTEREST FROM THIS LAWSUIT.

### 8. What happens if I submit an Opt-In Notice?

If you wish to participate in this case and share in any potential damage award of back pay and interest from this case, you must complete and sign an "Opt-In Notice and Claim Form".

The "Opt-In and Claim Form" is attached as the last pages of this packet.

**You must return it via U.S. mail** to Class Action Administrator, c/o Epiq Systems, P.O. Box _____, Beaverton, OR 97005-_____.

Your "Opt-In Notice and Claim Form" must be postmarked no later than _________, 2008.

If your "Opt-In Notice and Claim Form" is not postmarked by ____________, 2008, you will not be included in the Class forever.

As a member of the Class your rights in this litigation will be represented by the Class Representatives and Class Counsel. You will receive the benefit of, and be bound by, all rulings, orders, or judgment entered or any settlement approved by the Court, whether favorable or unfavorable. **If you choose to participate in this case by submitting an Opt-In Notice and Claim Form, you will NOT be required to pay any attorneys' fees or costs related to the case.**

## 9. What happens if I do not submit an Opt-In Notice and Claim Form?

If you do not submit an Opt-In Notice and Claim Form postmarked on or before________, 2008, you will be barred from participating as a Class Member in this case and you will not receive any monetary recovery from either a trial or settlement.

However, you retain the right to sue the VA on your own about the same legal claims that have been alleged in this lawsuit and you will not be legally bound by the Court's judgment in this class action. If you decide to pursue your claim independently, outside this class action, we encourage you to do so immediately and consult with your personal attorney immediately because certain statutes of limitations may bar or limit your claims. You are entitled to enter an appearance in this matter through private counsel if you desire. If you chose to hire your own lawyer, you will personally have to pay that lawyer.

**THE LAWYERS REPRESENTING YOU**

## 10. Do I have a lawyer in this case?

The Court decided that Ira Lechner Esq., and Robert W. Brownlie, Esq. of the law firm of DLA Piper US LLP, are qualified to represent you and all Class Members. They are called "Class Counsel." Mr. Lechner and Mr. Brownlie are experienced in handling similar cases against the United States and other employers. **Address all your questions only to the Class Action Administrator at the address noted in the answer to question 16. DO NOT CALL OR WRITE THE UNITED STATES COURT OF FEDERAL CLAIMS.**

## 11. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, you are permitted to hire your own lawyer if you would like to do so. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you. However, if you choose to hire your own lawyer, you will personally have to pay that lawyer.

## 12. How will the lawyers be paid?

If Class Counsel succeed in recovering back pay and interest money for the Class, either as a result of trial or settlement, they may ask the Court for their fees and expenses. **You will not have to pay these fees and expenses.** If the Court grants Class Counsel's request, the fees and expenses would either be deducted from any money obtained for the Class, or paid separately by the United States. If the Class Counsel's fees and expenses are paid out of the money obtained for the Class, there will be a reduction in the amount available for distribution to Class Members, and it may reduce the amount of money you may be awarded. **If there is no recovery in this case, you will not be required to pay any attorneys' fees or costs to Class Counsel.** In no event will you be asked to pay Class Counsel directly ("out of pocket") to pay their fees and costs. However, as mentioned in question 11, if you choose to hire your own lawyer, you will personally have to pay your own lawyer.

## THE PROCESS OF DETERMINING INDIVIDUAL DAMAGES

The Court will conduct a process to decide how much the VA owes each eligible, individual Class Member who files an "Opt-In Notice and Claim Form" no later than _______, 2008.

### 13. How and when will the Court decide how much money is owed to each eligible RN or PA:

As long as the case is not resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims. The Court will decide on a process to determine individual back pay and interest to be held in the United States Court of Federal Claims, 717 Madison Pl., N.W., Washington, D.C. 20005. There is no guarantee that the Plaintiffs will get any money for the Class.

### 14. Do I have to attend a trial?

You do not need to attend a trial. Class Counsel will present proof of damages for Plaintiffs, and the VA will present the defenses. You, or your own lawyer, are welcome to come at your own expense.

### 15. Will I get money after the process is completed?

If the Plaintiffs obtain money as a result of the trial or a settlement, you will be notified about the amount. We do not know how long this will take.

## GETTING MORE INFORMATION

### 16. Are more details available?

The pleadings and other records in this lawsuit may be examined at any time during regular business hours at the Office of the Clerk of the United States Court of Federal Claims. The address for the Court is:

United States Court of Federal Claims
717 Madison Pl., N.W.,
Washington, D.C. 20005.

For more information about this lawsuit, you may view the official website maintained by Class Counsel, www.myVAbackpay.com or you can contact the Class Action Administrator, Epiq Systems. The address for Epiq Systems is:

Class Action Administrator,
c/o Epiq Systems,
P.O. Box _______,
Beaverton, OR 97005-_____.

The telephone number to reach Epiq Systems is 1-800-__________.