# In the United States Court of Federal Claims

No. 02-101C
(Filed August 29, 2012)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
YOLANDA QUIMBY, et al., on                      *
behalf of themselves and all others             *
similarly situated,                             *
                                                *
                      Plaintiffs,               *
                                                *
              v.                                *
                                                *
THE UNITED STATES,                              *
                                                *
                      Defendant.                *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

Pending before the Court is the plaintiffs' unopposed motion for preliminary approval of the proposed Settlement Agreement; for the scheduling of the fairness hearing under Rule 23(e)(2) of the Rules of the United States Court of Federal Claims ("RCFC"); and for approval of the wording and mailing of the notice of settlement postcard. As was discussed during today's conference held by telephone, the Court does not believe that it is any longer appropriate to deem a proposed settlement of a class action preliminarily *approved*. The two-step (or two-hearing) process that was judicially crafted for considering proposed class action settlements was developed under the old, pre-2003 Rule 23(e) of the Federal Rules of Civil Procedure, which merely read: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 777 n.1 (3rd Cir. 1995) (quoting from old rule).

Effective December 1, 2003, a more detailed version of Fed. R. Civ. P. 23 was adopted. This version maintained the concept that a trial "court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class," Fed. R. Civ. P. 23(e)(1)(A) (2004), but only provided for a one-stage approval process: "The court may approve a settlement, voluntary dismissal, or compromise that would bind class members *only after a hearing and on finding* that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C) (2004) (emphasis added). The 2007 restyling of the Civil Rules did not substantively alter this approach, stating that among the "procedures [that] apply to a proposed settlement," Fed. R. Civ. P. 23(e) (2012), is the following: "If the proposal would bind class members, the court may approve it *only after a hearing and on finding* that it is

fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2) (2012) (emphasis added). Our court's rules have followed these portions of the Civil Rules verbatim. *See* RCFC 23(e) (2011); RCFC 23(e) (2004).

Since the procedure provided for in our rules and the Civil Rules does not call for any preliminary hearing, and specifically mandates that *approval* may only be given "after a hearing and on finding that [the proposal] is fair, reasonable, and adequate," RCFC 23(e)(2), the Court concludes that it is not appropriate to find a proposed settlement preliminarily "approved" on any basis that does not satisfy the required procedure. While a court should review a proposed settlement to determine if it appears to be the result of collusion, treats members unequally, or exhibits any obvious deficiencies, *see Barnes v. United States*, 89 Fed. Cl. 668, 670 (2009), this preliminary fairness evaluation does not result in anything that may be deemed an approval (but may result in *disapproval*). *See* AMERICAN LAW INSTITUTE, PRINCIPLES OF THE LAW OF AGGREGATE LITIG., § 3.03 cmt. a (2010); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 236 F.R.D. 53, 56 (D. Me. 2006). In any event, under the circumstances of this case --- in which the Court has previously determined the government's liability, *see Curry v. United States*, 66 Fed. Cl. 593, 608 (2005), the proposed settlement fund represents eighty percent of the total potential damages as calculated by both sides to the case, and distribution is proposed on a pro rata basis, *see* Lechner Decl. ¶ 9 (Dkt. No. 198-4) --- the Court perceives no reason why notice should not be given to the class members or the fairness hearing not scheduled.

Accordingly, the Class Action Administrator shall provide Summary Notice of the Settlement Agreement by postcard, first class mail prepaid by Class Counsel, to the class members who filed a timely opt-in claim form, no later than seven (7) days after the date of this Order; and the wording of the plaintiffs' proposed Summary Notice of settlement is hereby approved. The summary notices refer to the website www.VAbackpay.com, that will provide the terms of the Settlement Agreement in its entirety as well as the plaintiffs' unopposed motion for approval of attorneys' fees, attorneys' reimbursable nontaxable costs, and the fees and costs of the Class Action Administrator --- to which the members of the class may support or object in writing to the Clerk of Court no later than thirty (30) days after the date of mailing of the Summary Notice of the Settlement Agreement by the Administrator (thus, if the Summary Notices are mailed on September 5, the written responses must be postmarked by October 5, 2012). The date for the filing of written expressions of support or objection to the Settlement Agreement shall be so stated in the postcard summary notice, and any response to objections to the settlement shall be filed by the plaintiffs and/or defendant no later than ten (10) days after the due date of the filing of objections by class members (October 15, 2012, if the Summary Notices are mailed September 5).

A fairness hearing pursuant to RCFC 23(e)(2), to consider the approval of the Settlement Agreement and the plaintiffs' unopposed motion for approval of attorneys' fees, attorneys' reimbursable nontaxable costs, and the fees and costs of the Class Action Administrator shall be held at **2 p.m. on October 18, 2012**, at the United States Court of Federal Claims, 717 Madison Place, NW, Washington, D.C. The plaintiffs' unopposed motion is thus **GRANTED-IN- PART**, to the extent they request the scheduling of the fairness hearing under RCFC 23(e)(2) and approval of the wording and mailing of the notice of settlement postcard under RCFC 23(e)(1); and is

**DENIED-IN-PART** as moot, to the extent they request preliminary approval of the proposed Settlement Agreement.

**IT IS SO ORDERED.**

                                              s/ Victor J. Wolski
                                              **VICTOR J. WOLSKI**
                                              Judge